UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLTON XAVIER MATHEWS,

    Plaintiff,

v.                                      Case No. 3:24cv108-MCR-HTC

RICKY DIXON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Carlton Xavier Mathews, a prisoner and known three-striker, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and an incomplete application to proceed *in forma pauperis*, Doc. 2. Upon consideration, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis*, has failed to pay the filing fee with the initiation of this suit, and is not under imminent danger of serious physical injury.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's status as a three-striker has been acknowledged by multiple courts, including this one. *See Mathews v. Walters, et al.*, No. 3:22-cv-24816-RV-HTC, Docs. 4 & 6 (N.D. Fla. Jan. 13, 2023) (recognizing Plaintiff as a three-striker and dismissing case pursuant to § 1915(g)); *Mathews v. City of Wewahitchka, et al.*, No. 5:22cv109-TKW-MJF, Docs. 3 & 5 (N.D. Fla. July 5, 2022) (same); *Mathews v. Gambi, et al.*, No. 3:17-cv-01424-MMH-MCR, Doc. 4 (M.D. Fla. Dec. 28, 2017) (same). Indeed, the Court takes judicial notice that Plaintiff has brought at least three federal actions or appeals which were dismissed for failure to state a claim, as

malicious or as frivolous. *See Mathews v. City of Wewahitchka*, Case No. 5:22cv85-TKW-MJF, Docs. 22 & 24 (N.D. Fla. Nov. 10, 2022) (dismissing case as malicious and an abuse of the judicial process); *Mathews v. W. Walters*, Case No. 3:22cv19312-LC-HTC, Docs. 4 & 6 (N.D. Fla. Oct. 18, 2022) (same); *Mathews v. Jacksonville Fire & Rescue Dep't*, Case No. 3:16cv724-TJC-PDB, Doc. 3 (M.D. Fla. July 11, 2016) (dismissing case for failure to state a claim); *Mathews v. Duval Cty. Courthouse*, Case No. 3:16cv723-BJD-JK, Doc. 3 (M.D. Fla. June 15, 2016) (dismissing case as frivolous); *Mathews v. State Att'y Off.*, Case No. 3:16cv716-MMH-JBT, Doc. 3 (M.D. Fla. June 21, 2016) (dismissing case for failure to state a claim); *Mathews v. B.G. Johnson*, Case No. 3:16cv77-MMH-JK, Doc. 4 (M.D. Fla. May 16, 2016) (same). All the above cases bear Plaintiff's name and his FDOC inmate number (J27519). Because Plaintiff is a three-striker, he may not litigate this case *in forma pauperis* unless he can demonstrate he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff, however, has not shown that he is under such imminent danger.

In his complaint, Plaintiff complains, generally, about various conditions at the Santa Rosa Correctional Institution ("SRCI"), such as limited phone use, family visits, poor illumination, poor medical and dental treatment, limited recreational time, and poor temperature. While he contends that he has been subject to these conditions, he improperly seeks to bring the claims as a class action on behalf of his

fellow inmates and complains about conditions affecting those other inmates.[1] Regardless, the conditions complained of do not rise to the level of a constitutional violation, much less show that Plaintiff is under imminent danger of serious physical injury. *See Smith v. Harris*, No. 5:07CV27-RS, 2007 WL 710172, at *3 (N.D. Fla. Mar. 6, 2007) ("General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *see also, e.g.*, *Jemison v. White*, 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012) (finding plaintiff's vague allegations concerning, *inter alia*, lack of exercise and inadequate ventilation and cooling to be insufficient to meet the exception to section 1915(g)), *report and recommendation adopted*, 2012 WL 3023491 (S.D. Ala. July 24, 2012). As one court put it, "[t]o hold that amorphous claims relating to a prisoner's conditions of confinement render an inmate in 'imminent danger of serious physical injury' would eviscerate the three strikes provision." *Veteto v. Clerks, Judges & Justs. of Alabama Cts.*, 2017 WL 6617051,

---

[1] Plaintiff also lists the following "addition[al] plaintiffs:" Caal Capers, Sean Whified, Gregory Holt. Doc. 1 at 3. To the extent he is seeking to represent his fellow inmates in a class action, he may not do so. The Eleventh Circuit has "interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed pro se, as providing 'a personal right that does not extend to the representation of the interests of others.'" *Bass v. Benton*, 408 F. App'x 298, 298–299 (11th Cir. 2011) (quoting *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

at *3 (M.D. Ala. Oct. 19, 2017), *report and recommendation adopted*, 2018 WL 1004486 (M.D. Ala. Feb. 21, 2018).

Plaintiff's complaint that the lack of adequate care caused an abscessed tooth, for example, does not show he is under imminent danger of physical harm as there is no allegation Plaintiff's tooth continues to be infected or has caused him other physical ailments and Plaintiff has not alleged a claim for deliberate indifference to a medical need.  Similarly, Plaintiff's claim that a lack of adequate mental health treatment has resulted in suicidal ideations are "not encompassed within the statutory reference to 'imminent danger of serious bodily injury.'  If that were the case, virtually every prisoner plaintiff could make such a claim." *Fails v. Simon*, 2009 WL 5217072, at *2 (N.D. Fla. Dec. 30, 2009); *see also Waller v. Doe*, 2019 WL 3219839, at *1 (M.D. Fla. July 17, 2019), *appeal dismissed sub nom. Waller v. Corr. Officer*, 2019 WL 6331582 (11th Cir. Sept. 27, 2019) (risk of self-harm not imminent threat of serious physical injury despite previous suicide attempt because of the psychological trauma).

Plaintiff's separately filed, self-proclaimed "Imminent Danger" statement, Doc. 1 at 30–31, does not fare any better.  In it, Plaintiff complains of (1) sleeping on cold steel on October 21, 2023, while on property restriction, (2) an alleged retaliatory taking of property on November 1, 2023, and (3) threats made by officers (who are not defendants to this action) on November 3 and November 5, 2023.  First,

the actions complained of occurred in the past and, thus, cannot establish imminent danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Second, the allegations relating to property restrictions clearly do not show imminent danger. Third, the allegations of officer retaliation and officer threats are unrelated to the conditions of confinement claims forming the basis of the complaint. *See Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (explaining that the allegations of imminent danger must be related to "the crux of the complaint") (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.")).

Because Plaintiff has failed to establish he is under "imminent danger," he is barred from proceeding *in forma pauperis* and, thus, should have paid the full filing fee at the time of initiating this action but did not. His failure to do so necessitates a dismissal of this action.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 20th day of March, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.